IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD

LYMUS L. BROWN, III

    Plaintiff,

v.

DEPUTY M. LISANTI

    Defendant.
_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Deputy M. Lisanti ("Deputy Lisanti"), hereby answers the Plaintiff's Civil Rights Complaint as follows:

1. Deputy Lisanti denies each and every allegation not otherwise specifically admitted herein and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

2. As his First Affirmative Defense, Deputy Lisanti states that Plaintiff fails to state all elements of the violation alleged, and therefore no claim is stated upon which relief may be granted.

3. As his Second Affirmative Defense, Deputy Lisanti states that he is a state actor; Florida has not waived its immunity to constitutional torts; Congress did not abrogate Florida's sovereign immunity in passing 42 U.S.C. § 1983; and he is therefore protected from liability by the doctrine of sovereign immunity.

4. As his Third Affirmative Defense, Deputy Lisanti states that he is a state actor; the State has not waived its Eleventh Amendment Immunity; Congress has not passed legislation

overriding that immunity; and he is therefore immune from suits brought in federal court under 42 U.S.C. § 1983.

5. As his Fourth Affirmative Defense, Deputy Lisanti states that, at the time of the alleged incident, he was a state actor acting within the scope of his discretionary authority, any action taken by him did not violate a clearly established constitutional or statutory right, and he is therefore protected from liability by the doctrine of qualified immunity.

6. As his Fifth Affirmative Defense, Deputy Lisanti states that, since Florida has not waived its Eleventh Amendment immunity, he is protected from liability for constitutional torts by section 768.28, Florida Statutes (1997) and the Eleventh Amendment.

7. As his Sixth Affirmative Defense, Deputy Lisanti states that the Plaintiff has failed to exhaust administrative remedies as required by Chapters 33-39 of the Florida Administrative Code, and has failed to include proof of such compliance with his Complaint.

8. As his Seventh Affirmative Defense, Deputy Lisanti states that the Plaintiff has failed to exhaust administrative remedies as required by the Prisoners Litigation Reform Act of 1995, 42 U.S.C. § 1997(e), which specifically references actions brought under 42 U.S.C. § 1983, and this suit is therefore premature.

9. As his Eighth Affirmative Defense, Deputy Lisanti states that as a pretrial detainee, the Plaintiff's Eighth Amendment rights are not implicated in this action, and the Complaint fails to state a cause of action.

## DEMAND FOR TRIAL BY JURY

Defendant, Deputy M. Lisanti demands trial by jury.

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by U.S. Mail to Lymus Brown III 555 S.E. First Avenue, Fort Lauderdale, Florida 33310 ____ day of March, 2000.

                Respectfully submitted,
                BUNNELL, WOULFE, KIRSCHBAUM,
                KELLER, COHEN & McINTYRE, P.A.
                Attorneys for Defendants
                888 East Las Olas Blvd., 4th Floor
                Fort Lauderdale, Florida 33301
                Telephone: (954) 761-8600
                Facsimile: (954) 463-6643

                By: _____
                    Gregg A. Toomey
                    Florida Bar No. 0159689