IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD

LYMUS L. BROWN, III

    Plaintiff,

v.

DEPUTY D. LISANTI

    Defendant.
_____/

## DEFENDANT'S NOTICE OF FAILED SERVICE

1. On March 6, 2000, the undersigned counsel for Defendant, Deputy D. Lisanti ("Deputy Lisanti") answered the Plaintiff, Lymus L. Brown, III's ("Brown") Complaint.

2. Although the Answer was sent to Brown's last known address as shown on his Complaint, the Answer was returned by the United States Postal Service as undeliverable. A copy of the envelope is attached hereto as Exhibit "A."

3. It appears that Brown has been released from the custody of the Liberty Correctional Institution, and his whereabouts are unknown to Deputy Lisanti.

4. Although this Court has ordered Brown to keep his whereabouts known, he has failed to comply. The undersigned counsel asks the Court to take judicial notice of same.

                Respectfully submitted,

                BUNNELL, WOULFE, KIRSCHBAUM,
                KELLER, COHEN & McINTYRE, P.A.
                Attorneys for Defendants
                888 East Las Olas Blvd., 4th Floor
                Fort Lauderdale, Florida 33301
                Telephone: (954) 761-8600
                Facsimile: (954) 463-6643

                By: _____
                      GREGG A. TOOMEY
                      Florida Bar No. 0159689



LAW OFFICES
BUNNELL, WOULFE, KIRSCHBAUM, KELLER
COHEN & McINTYRE, P.A.
POST OFFICE DRAWER 030340
FORT LAUDERDALE, FLORIDA 33303

ISS#1606 FT LAUDERDALE FL 333.21 · 03/06/00

Lymus L. Brown, III. Pro Se
DC #L24237
Liberty Correctional Institution
P.O. Box 999
Bristol, FL 32321

REASON CHECKED
___ Not Known   ___ Refused
___ Address

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD

LYMUS L. BROWN, III

    Plaintiff,

v.

DEPUTY M. LISANTI

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Deputy M. Lisanti ("Deputy Lisanti"), hereby answers the Plaintiff's Civil Rights Complaint as follows:

1. Deputy Lisanti denies each and every allegation not otherwise specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

2. As his First Affirmative Defense, Deputy Lisanti states that Plaintiff fails to state all elements of the violation alleged, and therefore no claim is stated upon which relief may be granted.

3. As his Second Affirmative Defense, Deputy Lisanti states that he is a state actor; Florida has not waived its immunity to constitutional torts; Congress did not abrogate Florida's sovereign immunity in passing 42 U.S.C. § 1983; and he is therefore protected from liability by the doctrine of sovereign immunity.

4. As his Third Affirmative Defense, Deputy Lisanti states that he is a state actor; the State has not waived its Eleventh Amendment Immunity; Congress has not passed legislation



overriding that immunity; and he is therefore immune from suits brought in federal court under 42 U.S.C. § 1983.

5.  As his Fourth Affirmative Defense, Deputy Lisanti states that, at the time of the alleged incident, he was a state actor acting within the scope of his discretionary authority, any action taken by him did not violate a clearly established constitutional or statutory right, and he is therefore protected from liability by the doctrine of qualified immunity.

6.  As his Fifth Affirmative Defense, Deputy Lisanti states that, since Florida has not waived its Eleventh Amendment immunity, he is protected from liability for constitutional torts by section 768.28, Florida Statutes (1997) and the Eleventh Amendment.

7.  As his Sixth Affirmative Defense, Deputy Lisanti states that the Plaintiff has failed to exhaust administrative remedies as required by Chapters 33-39 of the Florida Administrative Code, and has failed to include proof of such compliance with his Complaint.

8.  As his Seventh Affirmative Defense, Deputy Lisanti states that the Plaintiff has failed to exhaust administrative remedies as required by the Prisoners Litigation Reform Act of 1995, 42 U.S.C. § 1997(e), which specifically references actions brought under 42 U.S.C. § 1983, and this suit is therefore premature.

9.  As his Eighth Affirmative Defense, Deputy Lisanti states that as a pretrial detainee, the Plaintiff's Eighth Amendment rights are not implicated in this action, and the Complaint fails to state a cause of action.

## DEMAND FOR TRIAL BY JURY

Defendant, Deputy M. Lisanti demands trial by jury.

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by U.S. Mail to Lymus Brown III 555 S.E. First Avenue, Fort Lauderdale, Florida 33310 /s/ _____ day of March, 2000.

                                      Respectfully submitted,
                                      BUNNELL, WOULFE, KIRSCHBAUM,
                                      KELLER, COHEN & McINTYRE, P.A.
                                      Attorneys for Defendants
                                      888 East Las Olas Blvd., 4th Floor
                                      Fort Lauderdale, Florida 33301
                                      Telephone: (954) 761-8600
                                      Facsimile: (954) 463-6643

                                      By: _____
                                          Gregg A. Toomey
                                          Florida Bar No. 0159689

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD
MAGISTRATE JUDGE SORRENTINO

LYMUS L. BROWN, III,                  :

    Plaintiff,                       :

v.                                    :    ORDER REGARDING MAIL SENT
                                           TO PLAINTIFF RETURNED
M. LISANTI,                           :        AS UNDELIVERABLE

    Defendant,                       :
_____

    Plaintiff's copy of the Order sent by this Court to his address of record, the Broward County Main Jail, has been returned as undeliverable.

    The plaintiff is reminded that it is his responsibility to immediately advise the Court in writing of any change of address. Computer research at http://www.dc.state.fl.us reveals that the plaintiff is now incarcerated at Liberty Correctional Institution. Thereupon, it is

    ORDERED AND ADJUDGED as follows:

MAR 0 6 2000

1. Failure to promptly advise the Court of any change in address may result in dismissal of this case for lack of prosecution.

2. A copy of the following Orders will be provided with this Order:

   a. Order of Instructions to the Pro Se Litigant;

   b. Order Permitting Plaintiff to Proceed Without Prepayment of Filing Fee but Establishing Debt to Clerk of $150.00

to the plaintiff at: Liberty Correctional Institution.

DONE AND ORDERED at Miami, Florida, this ___3___ day of March, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Lymus L. Brown, III, <u>Pro Se</u>
    DC #L24237
    Liberty Correctional Institution
    P. O. Box 999
    Bristol, FL 32321

Gregg A. Toomey, Esq.
Bunnell, Woulfe, Kirschbaum,
    Keller, Cohen & McIntyre, P. A.
P. O. Drawer 030340
Fort Lauderdale, FL 33303

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD
MAGISTRATE JUDGE SORRENTINO

LYMUS L. BROWN, III,          :

    Plaintiff,              :

v.                            :    ORDER REGARDING MAIL SENT
                                     TO PLAINTIFF RETURNED
M. LISANTI,                   :         AS UNDELIVERABLE

    Defendant,              :
_____

    Plaintiff's copy of the Order sent by this Court to his address of record, the Broward County Main Jail, has been returned as undeliverable.

    The plaintiff is reminded that it is his responsibility to immediately advise the Court in writing of any change of address. Computer research at http://www.dc.state.fl.us reveals that the plaintiff is now incarcerated at Liberty Correctional Institution. Thereupon, it is

    ORDERED AND ADJUDGED as follows:

MAR 0 6 2000

1. Failure to promptly advise the Court of any change in address may result in dismissal of this case for lack of prosecution.

2. A copy of the following Orders will be provided with this Order:

   a. Order of Instructions to the Pro Se Litigant;

   b. Order Permitting Plaintiff to Proceed Without Prepayment of Filing Fee but Establishing Debt to Clerk of $150.00

to the plaintiff at: Liberty Correctional Institution.

DONE AND ORDERED at Miami, Florida, this ___3___ day of March, 2000.

                                                                      *[signature]*
                                                      UNITED STATES MAGISTRATE JUDGE

cc: Lymus L. Brown, III, <u>Pro Se</u>
    DC #L24237
    Liberty Correctional Institution
    P. O. Box 999
    Bristol, FL 32321

Gregg A. Toomey, Esq.
Bunnell, Woulfe, Kirschbaum,
   Keller, Cohen & McIntyre, P. A.
P. O. Drawer 030340
Fort Lauderdale, FL 33303

DUPLICATE OF ORIGINAL

UNITED STATES DISTRICT COURT

_Southern_ District of _Florida_

_Lynus C. Brown III_

Plaintiff(s)

v.

_M. Lisanti, etc._

Defendant(s)

CASE NO.:

**00-6001**

**CIV-GOLD**

MAGISTRATE JUDGE
SORRENTINO

## CIVIL RIGHTS COMPLAINT

**COMES NOW**, the Plaintiff(s) in Pro-Se form _Lynus Brown_ _____ and sues the above listed Defendant(s) in their individual and official capacity as designated law enforcement officials.

That the Defendant(s) in this cause have in fact violated the Plaintiff(s) well established constitutional rights in a wanton and willful manner, and that the Defendant(s) have all acted under the color of state law, giving this court Jurisdiction under the following:

(28 USC 1331) (42 USC 1983)

(28 USC 1343) (28 USC 1441) (28 USC 1915)

ACCEPTED BY: _____

DATE: _____

Defendant(s) can be located at:

M. Lisanti   555 Southeast 1st avenue
Fort Lauderdale, Fla, 33310

Plaintiff(s) can be located at:
Lymus Lavarr Brown III   555 Southeast 1st avenue
Fort Lauderdale, Fla 33310.

2

## STATEMENT OF FACTS

(1) That on November 22, 1999 at apprex. 07:45 hours I Lymus Leverr Brown III was placed into an isolation cell away from co-defendants by one Deputy D. Crew.

(2) That on November 22, 1999 at apprex. 08:03 Hours I Lymus Brown was removed from an isolation cell by one Deputy M. Lisanti.

(3) That the plaintiff told the said defendant Deputy M. Lisanti, that there were Keep Separates between one Randy Garland, Cameron Tyndel and Himself.

(4) That on said date at apprex. 08:03 Hours I was placed into an co-holding cell with co-defendants and Keep Separates from by M. Lisanti

(5) That the said defendant ignored the plaintiff and placed him in the cell with the Keep Separate inmates.

(6) That in the result of the defendants actions, the said plaintiff was brutally assaulted by one Randy Garland and Cameron Tyndell.

(7) That as an result of the actions of the said defendant, the said plaintiff was injured by one Cameron Tyndell and one Randy Garland.

(8) That as an result of the actions of the said defendant, the said plaintiff suffered injury to his ribs, lower back and scarring to the left ear.

9) That as an result of the defendants actions, the plaintiff suff consistant pain in head area, back area, rib area and brief perio of memory loss.

ensure the safety of the Plaintiff(s).

## MONETARY DAMAGES

4. Cite how much money you would like the Defendant(s) to pay the Plaintiff(s).

5. Monetary damages in the amount of $ _150,000_ from each of the Defendant(s) to the Plaintiff(s).

6. Punitive damages in the amount of $ _150,000_ from each of the Defendant(s) to the Plaintiff(s).

7. That the court should order the Defendant(s) to pay any and all court costs in this case.

## VERIFICATION

STATE OF FLORIDA
COUNTY OF _____

That the Plaintiff(s) being first duly sworn under oath says that they are the Plaintiff(s) in this action and know the content of the complaint. That it is true and correct of his own knowledge except to those matters that are stated on his information and belief, and us to those matters he believes to be true and correct

*I declare under the penalty of perjury that the foregoing complaint is true and correct.*

[signature]

WITNESS my hand and seal in the County and State last aforesaid this ____ day of _____, 1999.

_____
NOTARY PUBLIC, State of Florida
Commission Expires

2

## CAUSE OF ACTION

1. That the Defendant(s) in this action have violated the Plaintiff(s) well established constitutional rights.

2. That the Defendant(s) have acted in a wanton and willful disregard to the Plaintiff(s) well established constitutional rights.

3. That the Defendant(s) have violated the Plaintiff(s) _____ 8+N _____ amendments.

4. That the Defendant(s) have all of them acted under the color of state law.

5. That what the Defendant(s) done was of a deliberate indifference.

6. That what the Defendant(s) have in fact done to the Plaintiff(s) was shocking to the mind and caused incontrovertible damage to the Plaintiff(s) minds.

7. That the Defendant(s) knew or should have known that they were violating the Plaintiff(s) well established constitutional rights.