

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD

LYMUS L. BROWN, III

    Plaintiff,

v.

DEPUTY D. LISANTI

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF RECORD ACTIVITY AND MEMORANDUM OF LAW IN SUPPORT

Defendant, DEPUTY D. LISANTI ("Lisanti"), pursuant to rule 44.1, Local Rules for the United States District Court for the Southern District of Florida, files this Motion to Dismiss for Lack of Record Activity and Memorandum of Law in Support as follows:

### MOTION

1.     Plaintiff LYMUS L. BROWN, III ("Brown") filed this action on January 3, 2000.

2.     Since the filing, Brown has not filed another paper with this Court, and has not made any communication with the undersigned counsel.

3.     Although the docket in this case shows that Brown filed a change of address on June 21, 2000, that document was actually filed by Lisanti.



NON-COMPLIANCE OF S.D. fla. L.R.

4.     Because Brown has failed to inform this Court of his whereabouts, and because there has been no record activity in excess of ninety days, Brown's claims should be dismissed

## MEMORANDUM OF LAW

### I.     Brown is not prosecuting this case.

Rule 44.1, Local Rules for the United States District Court for the Southern District of Florida allows dismissal of actions "which have been pending without any proceedings having been taken therein for more than three months."

In this case, the only documents filed with the Court are those by Lisanti. Additionally, Brown has made no contact with Lisanti's counsel, and has not served Lisanti with any discovery devices. Finally, Brown has refused to keep his whereabouts current, although the Court warned him on March 3, 2000 that failure to keep this Court notified of his whereabouts could result in dismissal.     In short, Brown is not prosecuting this case. The Complaint was filed more than six months ago. Brown's failure to move this case forward is exactly the type of dilatory practice rule 41.1 is designed to prevent. Adding insult to injury, his failure to inform this Court of his whereabouts is in direct contravention of this Court's mandate.

### II.     Conclusion

For the foregoing reasons, this Motion to Dismiss for Lack of Record Activity should be granted.

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by U.S. Mail to Lymus Brown III DC #L24237 Liberty Correctional Institution, HCR 2 P.O. Box 144 Bristol, FL 32321 this 27th day of July, 2000.

Respectfully submitted,

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, COHEN & McINTYRE, P.A.
Attorneys for Defendants
888 East Las Olas Blvd., 4th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8600
Facsimile: (954) 463-6643

By: _____
GREGG A. TOOMEY
Florida Bar No. 0159689