IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD

LYMUS L. BROWN, III

    Plaintiff,

v.

DEPUTY M. LISANTI

    Defendant.

_____/

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Defendant DEPUTY M. LISANTI ("Lisanti"), pursuant to Federal Rule of Civil Procedure 56(b) and Southern District of Florida Local Rule 7.5, files this Motion for Summary Judgment and Memorandum of Law in Support as follows:

**I.   INTRODUCTION**

Plaintiff LYMUS L. BROWN III ("Brown") has filed a pro se in forma pauperis Civil Rights Complaint ("Complaint"), alleging that Lisanti violated Brown's Eighth Amendment rights during his incarceration at the Broward County Jail. The gravamen of the Complaint is that Brown was injured in an altercation with a fellow inmate while temporarily housed in a court holding cell at the Broward County Courthouse. Brown claims that he and the other inmate were to have been separated, and Lisanti violated this alleged dictate.

**II.   CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH LISANTI CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED**

1.    At the time of the incident alleged in the Complaint, Brown was a pretrial detainee incarcerated at the Broward County Detention Center.

1

2. Shortly after the incident alleged in the Complaint, Brown was convicted on several counts of robbery with a firearm, and is now housed in the Liberty Correctional Institute in Bristol, Florida.

3. This lawsuit involves alleged acts by Lisanti during the time Brown was at the Broward County Detention Center.

4. For purposes of this Motion for Summary Judgment only, Lisanti does not contest the facts alleged in the Complaint.

### III. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The motion determines whether, based on the evidence, a reasonable jury could find for the nonmoving party. The summary judgment standard "mirrors the standard for a directed verdict . . . which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). The purpose of summary judgment is to dismiss claims that are unsupported in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In this case, there are no material facts in dispute, and Lisanti is entitled to entry of summary judgment in his favor as a matter of law.

### IV. ARGUMENT

#### A. Prison Litigation Reform Act of 1995

Without any further analysis, Lisanti is entitled to summary judgment because the

Complaint fails the tests incorporated into the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997(e)a:

> (a) Applicability of administrative remedies
>
> <u>No action shall be brought</u> with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> \*\*\*
>
> (c) Dismissal
>
> (1) The court <u>shall</u> on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.
>
> (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

(Emphases supplied). The PLRA states in pertinent part that: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Courts interpreting this provision have held that the phrase "shall dismiss" is mandatory, rather than permissive. *See Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir.1997). Therefore, the PLRA requires dismissal

whenever a prisoner-litigant proceeding in forma pauperis "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Supreme Court has made clear that "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Since exhaustion is a prerequisite to suit, futility is not applicable. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Because there is no allegation in the Complaint that Brown exhausted, or even sought, administrative remedies before filing this action, it must be dismissed. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) (requiring the allegation of exhaustion in the complaint).

### B. Qualified Immunity

Qualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions "violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Lassiter v. Alabama A & M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir.1994) (en banc) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine of qualified immunity protects government officials in civil cases from liability for damages in their individual capacities if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. at 818. Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

4

Two questions are pertinent to whether qualified immunity applies. First, it must be determined "whether the Plaintiff has alleged the deprivation of an actual constitutional right at all." *Wilson v. Layne*, 526 U.S. 603 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286 (1999). Second, it must be determined whether the law the defendant is alleged to have violated was clearly established at the time of the incident giving rise to the suit. *Id.* "If either question is properly answered in the negative, then qualified immunity must be granted." *Taylor v. Adams*, 13 Fla. L. Weekly Fed. C1053, C1054 (11th Cir. 2000) (citing *Campbell v. Sikes*, 169 F.3d 1353, 1361 (11th Cir. 1999).

The test of qualified immunity is liberally construed in favor of the state actor. Unless the alleged act is so clearly wrong in light of existing law that it could only be taken by an official knowingly violating the law, the official is protected from suit. *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also Courson v. McMillian*, 939 F.2d 1479, 1486 (11th Cir. 1991). The standard is an objective one calculated to "make summary judgment and similar judicial decisions appropriate devices to 'avoid excessive disruption of government and permit the resolution of many insubstantial claims . . . .'" *Barts v. Joyner*, 865 F.2d 1187, 1189 (11th Cir. 1989) (quoting *Harlow*, 457 U.S. 800 at 818). Existing law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances."* *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (9th Cir. 1994) (*en banc*).

The Eleventh Circuit has determined that the right to qualified immunity must be settled early in the case and is appropriately determined on motion for summary judgment. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1184 (11th Cir. 1994); *Ansley v. Heinrich*, 925 F.2d 1339, 1347 (11th Cir. 1991); *McDaniel v. Woodard*, 886 F.2d 311, 313 (11th Cir. 1989).

Applying the above standards to the facts alleged in this case, Lisanti is entitled to qualified immunity. Based on the cited cases, Brown's allegations do not fit within the *Lassiter* definition as dictating a conclusion that the alleged wrong clearly violates a clearly established right. Instead, the Complaint makes only a passing allusion to an Eighth Amendment violation without stating how the Eighth Amendment is associated with the incident alleged in the Complaint.[1] Since the Eight Amendment violation cannot stand, Lisanti is entitled to summary judgment in his individual capacity.

### C.    **The Complaint does not state an Eighth Amendment violation.**[2]

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. AMEND. VIII. To state a claim under the Cruel and Unusual Punishment Clause requires the allegation of two elements. First, the plaintiff must allege facts showing that the conduct by the official was "sufficiently serious" to amount to cruel and unusual punishment. *See Wilson v. Seiter*,

---

[1] The Eighth Amendment is discussed in section C.

[2] At the time of the incident alleged in the Complaint, Brown was a pretrial detainee. Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, (1979); *Jordan v. Doe*, 38 F.3d 1559, 1564-65 (11th Cir.1994). However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees.

501 U.S. 294, 298 (1991) (stating that the deprivation must be one which denies "the minimal civilized measure of life's necessities"). Second, the official must have a subjective intent to punish. *See Id.* at 300 (stating that "[t]he source of the intent requirement is not the predilections of this Court, but the Eighth Amendment itself, which bans only cruel and unusual *punishment*. If the pain inflicted is not formally meted out as *punishment*. . ., some mental element must be attributed to the officer before it can qualify."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996)

The allegations of the Complaint fail both tests. Even if true, Lisanti's alleged actions do not rise to the level of cruel and unusual punishment because they do not amount to a denial of "the minimal civilized measure of life's necessities." More importantly, the Complaint does not allege the actions were taken with the intent to punish Brown. At best, the allegations in the Complaint assert negligence on the part of Lisanti. As a matter of law, the Complaint fails to state an Eighth Amendment violation, and Lisanti is entitled to entry of summary judgment in his favor.

D. **The Complaint does not sufficiently state a 1983 claim.**

To establish a 28 U.S.C. § 1983 claim, a plaintiff must show (1) that the defendant acted under color of state law, and (2) that the deprived the plaintiff of a federal statutory or constitutional right. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Thus, Brown cannot prevail on his section 1983 claim unless he can establish the denial of a constitutional right. As has been previously established, the Complaint does not state a deprivation of a statutory or constitutional right. Therefore, Lisanti is entitled to entry of summary judgment in his favor as a matter of law.

Even if the Court determines that Lisanti is being sued in his official capacity, the result is the same. A suit against a governmental official in his official capacity is deemed a suit against the entity that he represents. *See Kentucky v. Graham*, 473 U.S. 159 (1985). However, an entity can be held liable for money damages only through " 'a policy statement, ordinance, regulation, or

decision officially adopted and promulgated by that body's officers,' " or " 'for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making body.' " *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). "[A] plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403, (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir.1997). "To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice. Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the municipality." *Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir.1986).

Therefore, even if the suit is brought against Lisanti in his official capacity, he remains entitled to summary judgment. The complaint does not allege a custom or policy by the Broward Sheriff's Office which can be said to violate a federally protected right. Instead, the allegations of the Complaint merely state an isolated incident from which evidence of custom or policy cannot be drawn. *See Depew* at 1499.

## V.   CONCLUSION

For the foregoing reasons, Lisanti's Motion for Summary Judgment should be granted.

WHEREFORE, Defendant, DEPUTY D. LISANTI, respectfully requests that this Court enter Final Summary Judgment in his favor as set forth above.

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by U.S. Mail to Lymus Brown III DC #L24237 Liberty Correctional Institution, HCR 2, P.O. Box 144 Bristol, FL 32321 this 22nd day of September, 2000.

Respectfully submitted,

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER & McINTYRE, P.A.
Attorneys for Defendant
888 East Las Olas Blvd., 4th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8600
Facsimile: (954) 463-6643

By: _____
GREGG A. TOOMEY
Florida Bar No. 0159689