IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD

LYMUS L. BROWN, III

    Plaintiff,

v.

DEPUTY M. LISANTI

    Defendant.
_____/

### DEFENDANT'S SUPPLEMENTAL NOTIFICATION OF NONCOMPLIANCE WITH PRETRIAL PROCEDURES

Defendant, DEPUTY M. LISANTI, hereby files this his Supplemental Notification of Noncompliance with Pretrial Procedures and states as follows:

1. On May 26, 2000, this Court issued an Order Scheduling Pretrial Proceedings. A copy of that Order is attached hereto as Exhibit "A."

2. According to that Order, the Plaintiff was to provide the Defendants with a pretrial statement by September 12, 2000.

3. On September 27, 2000, the Defendant notified this Court that the Plaintiff had failed to file the Pretrial Statement as required. Such a notification is required by this Court's Order of May 26, 2000.

4. On October 6, 2000, this Court issued an Order to Show Cause, in which the Plaintiff was ordered to submit the Pretrial Statement to the Defendant and this Court within twenty (20) days. A copy of that Order is attached hereto as Exhibit "B." In the Order to Show Cause, this Court specifically stated that a failure to timely submit the Pretrial Statement would result in dismissal of



this case.

5. As of this date, Plaintiff has failed to do as instructed.

6. As of this date, the Plaintiff has failed to provide the undersigned with a pretrial statement as required by the Order to Show Cause..

7. Because of the Plaintiff's noncompliance, the Defendant requests that this case be dismissed.

I HEREBY CERTIFY that a copy of the foregoing was furnished via U.S. Mail on this 30th day of October, 2000 to: LYMUS L. BROWN, III, DC#L24237, Liberty Correctional Institution, HCR 2, Post Office Box 144, Bristol, FL 32321.

        BUNNELL, WOULFE, KIRSCHBAUM,
        KELLER & MCINTYRE, P.A.
        Attorneys for Defendants
        888 East Las Olas Boulevard, Suite 400
        Fort Lauderdale, Florida 33301
        Telephone (954) 761-8600

        By_____
        GREGG A. TOOMEY
        Florida Bar No. 0159689

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6001-CIV-GOLD
MAGISTRATE JUDGE SORRENTINO

LYMUS L. BROWN, III,                    :

    Plaintiff,                         :
                                                ORDER SCHEDULING PRETRIAL
v.                                      :   PROCEEDINGS WHEN PLAINTIFF
                                                IS PROCEEDING PRO SE
DEPUTY M. LISANTI,                      :

    Defendant.                         :
_____

The plaintiff in this case is incarcerated, without counsel, so that it would be difficult for either the plaintiff or the defendants to comply fully with the pretrial procedures required by Local Rule 16.1 of this Court. It is thereupon

ORDERED AND ADJUDGED as follows:

1. All discovery methods listed in Rule 26(a), Federal Rules of Civil Procedure, shall be completed by July 31, 2000. This shall include all motions relating to discovery.

2. All motions to join additional parties or amend the pleadings shall be filed by August 8, 2000.



3. All motions to dismiss and/or for summary judgment shall be filed by August 29, 2000.

4. On or before September 12, 2000, the plaintiff shall file with the Court and serve upon counsel for the defendants a document called "Pretrial Statement." The Pretrial Statement shall contain the following things:

    (a) A brief general statement of what the case is about;

    (b) A written statement of the facts that will be offered by oral or documentary evidence at trial; this means that the plaintiff must explain what he intends to prove at trial and how he intends to prove it;

    (c) A list of all exhibits to be offered into evidence at the trial of the case;

    (d) A list of the full names and addresses of places of employment for all the non-inmate witnesses that the plaintiff intends to call (the plaintiff must notify the Court of any changes in their addresses);

    (e) A list of the full names, inmate numbers, and places of incarceration of all the inmate witness that plaintiff intends to call (the plaintiff must notify the Court of

2

>   any changes in their places of incarceration); and
>
>   (f) A summary of the testimony that the plaintiff expects <u>each</u> of his witnesses to give.

5.  On or before September 26, 2000, defendants shall file and serve upon plaintiff a "Pretrial Statement," which shall comply with paragraph 4(a)-(f).

6.  Failure of the parties to disclose fully in the Pretrial Statement the substance of the evidence to be offered at trial may result in the exclusion of that evidence at the trial. Exceptions will be (1) matters which the Court determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

7.  If the plaintiff fails to file a Pretrial Statement, as required by paragraph 4 of this order, paragraph 5 of this order shall be suspended and the defendants shall notify the Court of plaintiff's failure to comply. <u>The plaintiff is cautioned that failure to file the Pretrial Statement may result in dismissal of this case for lack of prosecution</u>.

3

8. The plaintiff shall serve upon defense counsel, at the address given for him/her in this order, a copy of every pleading, motion, memorandum, or other paper submitted for consideration by the Court and shall include on the original document filed with the Clerk of the Court a certificate stating the date that a true and correct copy of the pleading, motion, memorandum, or other paper was mailed to counsel. All pleadings, motions, memoranda, or other papers shall be filed with the Clerk and must include a certificate of service or they will be disregarded by the Court.

9. A pretrial conference may be set pursuant to Local Rule 16.1 of the United States District Court for the Southern District of Florida, after the pretrial statements have been filed. Prior to such a conference, the parties or their counsel shall meet in a good faith effort to:

    (a) discuss the possibility of settlement;

    (b) stipulate (agree) in writing to as many facts and issues as possible to avoid unnecessary evidence;

    (c) examine all exhibits and documents proposed to be used at the trial, except that impeachment documents need not be revealed;

(d) mark all exhibits and prepare an exhibit list;

(e) initial and date opposing party's exhibits;

(f) prepare a list of motions or other matters which require Court attention; and

(g) discuss any other matters that may help in concluding this case.

DONE AND ORDERED at Miami, Florida, this 26 day of May, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Lymus L. Brown, III, <u>Pro Se</u>
DC #L24237
Liberty Correctional Institution
P. O. Box 999 /44    HC22
Bristol, FL 32321

Gregg A. Toomey, Esq.
Bunnell, Woulfe, Kirschbaum,
   Keller, Cohen & McIntyre, P. A.
888 East Las Olas Blvd., 4th Floor
Fort Lauderdale, FL 33301

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

POSTED

CASE NO. 00-6001-CIV-GOLD/SIMONTON

LYMUS L. BROWN III,

    Plaintiff,

vs.

DEPUTY M. LISANTI,

    Defendant.

_____/

FILED by _____ D.C.
OCT 06 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the court upon the defendant's notification of the plaintiff's noncompliance with pretrial procedures. According to the court's order of May 26, 2000, the plaintiff was required to provide the defendant with a pretrial statement by September 12, 2000. To date, the plaintiff has failed to comply with the court's order. Therefore, it is

**ORDERED AND ADJUDGED THAT:**

The plaintiff is ordered to submit to the defendant and the court within 20 days of this order a pretrial statement as required by the court's order of May 26, 2000. If the plaintiff fails to comply, the court shall dismiss the case for lack of prosecution.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5 day of September, 2000.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
Lymus Brown, III, DC #L24237,
Liberty Correctional Institution HCR2
PO Box 144
Bristol, FL 32321

Gregg A. Toomey
888 East Las Olas Blvd., Ste. 400
Ft. Lauderdale, FL 33301

OCT 10 2000